UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-10098 |
| ) | |
| BRIAN MILLER, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

      This matter was before the Court on May 19-20, 2014 for bench trial. Following the close of the evidence and closing argument, the Court deliberated before reaching a decision and announced that Defendant, Brian Miller ("Miller"), was guilty as charged of 22 counts of sexual exploitation of children in violation of 18 U.S.C. § 2251; the remaining three counts of attempted sexual exploitation of a minor were dismissed by the Government. The Court reserved the right to supplement its ruling with a written order, and this Order follows.

      The Defense respectfully requested this Order to specifically address the application of any factors from *United States v. Dost* within the Court's ruling. Given the lack of specific factors set forth in case law by the Seventh Circuit, this is a reasonable request. It is further a reasonable request in any action where the liberty of an individual is at issue for the parties to make certain that they understand the court's reasoning.

      Title 18 U.S.C. § 2251 provides in relevant part that "any person who . . . uses . . . any minor to engage . . . with intent that such minor engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct" is guilty of the sexual exploitation of children. "Sexually explicit conduct" is further defined to include the lascivious exhibition of the genitals or public area of any person. 18 U.S.C. § 2256(2)(A)(v).

      In *United States. v. Russell*, the Seventh Circuit noted that generally speaking, "a lascivious display is one that calls attention to the genitals or pubic area for the purpose of eliciting a sexual response in the viewer. 662 F.3d 831, 843 (7th Cir. 2001), *citing United States v. Knox*, 32 F.3d 733, 745 (3rd Cir. 1994). Additionally, "more than nudity is required to render a photograph lascivious; rather, 'the focus of the image must be on the genitals or the image must be otherwise sexually suggestive.'" *Id.*, *citing United States v. Griesbach*, 540 F.3d 654, 656 (7th Cir. 2008). Beyond that, no settled test has emerged in more than 40 years since § 2251 was enacted to ascertain what renders a photo sexually suggestive so as to be deemed lascivious.

Instead, the question is left to the factfinder to resolve, on the facts of each case, applying common sense. *Russell*, 662 F.3d at 843, *citing United States v. Frabizio*, 459 F.3d 80, 85-86 (1st Cir. 2006).

The case of *United States v. Dost*, 636 F.Supp. 828 (S.D.Cal. 1986), articulated certain factors to consider. The Seventh Circuit has held that it is not plain error to instruct a jury on the *Dost* factors, but has otherwise abstained from explicitly endorsing or rejecting them. *United States v. Noel*, 581 F.3d 490, 499-500 (7th Cir. 2009).

In finding Miller guilty, this Court relies on the language of the statute itself and the definition of lascivious conduct. The specific language "with intent that such minor engage in . . . " brings into question the mental state of the defendant, and the language defining lascivious as drawing attention to the genitals or public area of the subject ***in order to excite*** lustfulness or sexual stimulation ***in the viewer***, further requires inquiry into the mental state of the defendant. (emphasis added.)

It should be noted that when the statute was enacted, it would have primarily focused on still photos as the depiction, as personal video technology wasn't nearly as available as it is today. The existence of video technology adds a new dimension to the inquiry. The series of frames combined in a video reveals a context that is simply not present in a single still shot.

In the case of Miller that mental state is drawn from the facts, which includes personal video footage and the accompanying context. Miller had a minor teenage son and minor teenage daughter. From time to time, other minor teenage children would frequent his house to visit his son and daughter. Often, they would stay the night. These children were ages 13, 13, 14, 15, and 16. The Indictment charged conduct from approximately January 1, 2010 through June 16, 2012. Evidence at trial was based largely on videos taken from September 2, 2011 through May 19, 2012. Revealing the identity of the children is not necessary for the purpose of this Order.

In the Miller residence, a downstairs bathroom and downstairs utility room abutted each other to the extent that Miller was able to cut a hole in the drywall in the utility room side and a hole in the drywall on the bathroom side. Hanging over the cut out portion of the drywall in the bathroom was a mirror. Miller scratched off a small portion of the back of the mirror and cut a small hole in the mirror. All holes lined up so one could view into the bathroom area from the utility room, specifically into the shower.

Testimony from the girls was that the shower had a clear curtain, and at least two of the girls said that Miller told them to shower in the downstairs bathroom. One of the girls testified that on one occasion, she saw Miller leaving the utility room shortly after she had showered.

Further evidence retrieved from Miller's cell phone showed video of the minor children undressing and showering. The video also indicated movement of the camera to follow the minor children given the limitations of space and the size of the hole.

The Government argues that each of these were substantial steps toward the commission of a crime and that the videos were the completion of the offense as charged. The Defense argues that because the minor teenage girls were surreptitiously videotaped, they cannot be the subject of sexual exploitation or exhibiting lascivious conduct. The language of the statute does not support the Defense's interpretation. Persons are unwilling participants in sexual assault, yet convictions can be obtained. Homeowners are unwilling participants in residential burglaries, and are in many cases absent at the time, yet convictions are obtained.

The criminal statutes focus on the actor, and in this case, the language places that focus on both the act and the mental state. It does not require minor children to comply, consent, agree, or otherwise perform. If it did, the verdict here would most likely be not guilty.

Clearly, here, Miller went to all this trouble for a purpose. Was this a legitimate or photographic collection? Was video necessary to make sure the girls were not doing anything illegal in his home, e.g., smoking, drinking, etc.? Was the video there to make sure that the girls were safe and free from harm? If these questions are asked, it is even clearer that the video was not for any legitimate purpose or an attempt to capture any appropriate artistic content.

There is only one reasonable inference from these facts, as to the purpose of Miller's actions and his mental state, and that is that he intended to view the minor teenage girls for his own sexual arousal. Finally, the Defense argues that even if this was the case, there was no zooming that focused solely on the pubic area. Zooming cuts both ways. Miller did not zoom only on the face or even only on the breast area, which is a further reasonable inference that he intended for the pubic area to be a focus, in addition to the other physical attributes of the minor, teenage girls. There is no requirement under the statute to focus only on the pubic area, just that there is a focus on the pubic area. I have so found under the facts of this case.

ENTERED this 22nd day of May, 2014.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge